1 │ Patrick McCullogh, Esq., SBN 141399
    │ Susan K. Chelsea, Esq., SBN 137935
2 │ McCULLOGH & ASSOCIATES APC
    │ 4275 Executive Square, Suite 940
3 │ La Jolla, California 92037
    │ Telephone: (858) 457-2900
4 │

FILED

'08 FEB -1 PM 3:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

5 │ Attorneys for Plaintiff, John Flaxel

BY: CT          DEPUTY

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JOHN FLAXEL, an individual; | CASE NO. **08 CV 0200 L NLS** |
| Plaintiff, | **COMPLAINT FOR FRAUD** |
| v.; | 1. Violation of Rule 10b-5; |
| RICHARD SIMPSON, an individual and as officer and director of corporate entities; DENNIS PEARSON, an individual and as officer and director of corporate entities; M & A CAPITAL ADVISORS, LLC., a California Limited Liability Company; M & A CAPITAL ADVISORS, LLC., a Nevada Limited Liability Company; PAC-WEST ACQUISITIONS, INC., a California Corporation; INTRA-NETWORK SECURITIES, INC., a California Corporation; and XO FINANCIAL GROUP, a California and Nevada Corporation; | 2. Breach of Contract; 3. Breach of Fiduciary Duty; 4. Fraud; 5. Negligent Misrepresentation; 6. Alter Ego; 7. Conversion; 8. Violation of Oregon Rev. Statute § 59.135; and 9. Injunctive Relief 10. Negligence |
| Defendants. | **DEMAND FOR TRIAL BY JURY** |

21          Plaintiff JOHN FLAXEL ("Flaxel"), also referred to as "Plaintiff", alleges as follows:

22                              **NATURE OF THE ACTION**

23          1.       This is an action for securities fraud and related State law claims arising out of the

24 conduct of defendants Richard Simpson, Dennis Pearson, M & A Capital Advisor, LLC, a California

25 Limited Liability Company, M & A Advisors, LLC, a Nevada Limited Liability Company, PAC-West

26 Acquisitions, Inc., a California Corporation, Intra-Network Securities, Inc., a California Corporation,

27 and XO Financial Group, a California and Nevada Corporation. The action against the above-

28 mentioned defendants arises out of a securities fraud orchestrated by Richard Simpson and Dennis

Pearson in which Flaxel invested in excess of One Million One Hundred Five Thousand Dollars ($1,105,000.00) in investments in and loans to companies recommended by Defendants and to companies owned and controlled by Defendants.    Flaxel communicated with Defendants via telephone; Flaxel paid for each investment via wire transfer or a check mailed to Defendants.

2.    The investment scheme involved promoting and convincing Flaxel to loan money to companies with the representation that the promissory notes were secured.  When the notes were not paid Defendants made representations to and convinced Flaxel to exchange to promissory notes for stock in what turned out to be poorly capitalized and highly risky companies.  Some transactions involved Flaxel loaning money to companies owned and controlled by Simpson and Pearson or marketed and represented by Defendants.

3.    Defendants profited on placing Flaxel in the promissory notes and then converting the promissory notes to stock.  Defendants also directly received money from Flaxel in the form of loans documented by promissory notes issued to companies owned and controlled by Defendants. Defendants also failed to properly and professionally manage Flaxel's IRA Account whereby his stock transactions were not properly documented and stock certificates were not issued reflecting Flaxel's actual investments.

4.    Defendants' conduct has caused and continues to cause Plaintiffs' grave and irreparable harm.

### JURISDICTION AND VENUE

5.    This Court has original jurisdiction over this action pursuant to the Securities Exchange Act of 1934 ("Exchange Act") 15 U.S.C. § 78.J(b) and SEC Rule 10b-5 at 17 CFR 240.10b-5.

6.    This Court has supplemental jurisdiction over the related counts 2, 3, 4, 5, 6, 7, 8 and 9 because these claims are so related to the above Federal claims that they form a part of the same case or controversy and under 28 U.S.C. 1367(a).  There is also supplemental jurisdiction under 28 U.S.C. 1332.

7.    This Court has supplemental jurisdiction over the related counts four and five in that these claims are so related to the above Federal claims that they form a part of the same case or controversy.

8.    This Court has personal jurisdiction over Defendants in that Defendants reside in and/or are doing business in the State of California and in this District. In addition, many of the acts of fraud and misrepresentation complained of herein occurred in the State of California and in this District.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a)(2) and (b)(2).

## AVERMENTS COMMON TO ALL COUNTS

## THE PARTIES

10.    Plaintiff Flaxel is, and at all times relevant was, a citizen of Oregon residing in the City of North Bend.

11. Plaintiff is informed and believes, and on that basis alleges, that defendant Richard Simpson ("Simpson") is, and at all times relevant was, a citizen of California, residing in the City of San Diego, County of San Diego. Flaxel is also informed and believes and thereon alleges that Simpson is also the a managing member of M&A Capital Advisors, LLC, a Nevada limited liability company and M&A Advisors, LLC, a California limited liability company and an officer, director and shareholder of PAC-West Acquisitions, Inc., a California Corporation.

12. Plaintiff is informed and believes, and on that basis alleges, that defendant Dennis Pearson ("Pearson") is, and at all times relevant was, a citizen of California, residing in the City of San Diego, County of San Diego. Flaxel is also informed and believes and thereon alleges that Simpson is also the a managing member of M&A Capital Advisors, LLC, a Nevada limited liability company and M&A Advisors, LLC, a California limited liability company and an officer, director and shareholder of PAC-West Acquisitions, Inc., a California Corporation.

13.    Plaintiff is informed and believes, and on that basis alleges, that defendant M & A Advisors, LLC is both a Nevada limited liability company and a California limited liability company with it principal place of business in the County of San Diego, State of California.

14.    Plaintiff is informed and believes, and on that basis alleges, that defendant PAC-West Acquisitions, Inc. a California corporation with it principal place of business in the County of San Diego, State of California.

15.    Plaintiff is informed and believe, and on that basis allege, that defendant Intra-Network

1  Securities, Inc. (Intra-Network") is a business entity of unknown type and origin and that defendants

2  Simpson and Pearson used this unknown business entity and/or fictitious business name to conduct

3  business. Plaintiff is further informed and believes and thereon alleges that after the NASD took

4  action against Pearson and Simpson, formed XO Financial Group. Plaintiff is further informed and

5  believes and thereon alleges that XO Financial Group is both a Nevada and California corporation

6  with its principal place of business in Rancho Santa Fe, County of San Diego, State of California.

7  **GENERAL ALLEGATIONS**

8      16. This    matter involves a pattern and scheme to sell unregistered securities in the form

9  of short-term promissory notes which were referred to as "bridge notes." In many situations when the

10  promissory notes came due the promissory notes were converted into stock which was either worthless

11  or worth far less than the amount originally "loaned." In order to get Flaxel to invest in the promissory

12  notes Defendants distributed fraudulent information to Flaxel via the United States mail, interstate

13  commerce and telephone across state lines.

14      17.    Defendants falsely represented that the investments were safe. Defendants were broker

15  dealers who received handsome commissions for placing FLAXEL in these highly speculative

16  investments. Later, Defendants fraudulently convinced Flaxel to invest in short term promissory notes

17  to companies owned and controlled by Defendants. Flaxel invested a total of $1,105,000.00 in the

18  promissory note and related securities fraud scams.

19  **Northatlantic Aviation, Inc.**

20      18. Defendants Simpson and Pearson, at the time licensed broker dealers, contacted Flaxel

21  to invest in Northatlantic Aviation, Inc. ("Northatlantic") Pearson, acting on behalf of and as the

22  agent of Defendants, made representations to Flaxel overstating Northatlantic's potential to

23  convince Flaxel to make a bridge loan to Northatlantic whereby Defendants would receive a

24  substantial commission. Specifically, Pearson represented to Flaxel that Flaxel would receive an

25  excellent return on his investment because there was low competition and high returns for this

26  comapny. Pearson said it was urgent that Flaxel invest immediately. Pearson further represented

27  that Defendants had investigated the company. Based upon these representations Flaxel "loaned"

28  Northatlantic $55,000.00. When the loan came due Flaxel received a conversion of the Note to

shares in Northatlatic. Pearson advised Flaxel to convert the Note to shares because Northaltlantic was getting ready to go public. However, the shares issued to Flaxel were of minimal value because the company itself had minimal value, contrary to the representations of Defendants. Northatlantic was represented to be a Minnesota corporation. Flaxel is informed and believes and thereon alleges that Northatlantic is a defunct corporation.

**RPM Technologies, Inc.**

19. Defendants Simpson and Pearson solicited Flaxel to invest in RPM Technologies, Inc. ("RPM") Pearson, acting on behalf of and as the agent of Defendants, made false statements to Flaxel to induce him to make a bridge loan to RPM Pearson represented to Flaxel that it was an excellent company and that Defendants wanted to purchase enough stock to take over the company. Flaxel was further told there would be no dilution of his investment.

20. In reliance on Defendants' representations Flaxel issued a note to RPM technologies for $250,000.00 at 10% interest. The note was converted to stock at the price of $.50 per share for the $250,000.00 for 500,000 shares. At the time of conversion $25,000.00 was owed for interest but there no shares were issued for the interest. The conversion of the loan to stock resulted in an immediate loss of 80% of Flaxel's money and there is an issue regarding the number of shares that were issued.

21. RPM is an actual company and is still in business. It is listed in the Over The Counter Market, and its symbol is RPMM. As of June 8, 2007 RPMM had a bid price of $.08 and an ask price of $.13 with a one year high of $.20 and a one year low of $.06. Market capitalization is $4.4 Million with 44.05 Million shares issued. Flaxel owns 100,000 shares of RPM Technologies, Inc. At the current bid price the stock is worth $10,000.00. At the ask price it is worth $16,000.00.

**Pen Write Systems, Inc.**

22. Defendants Simpson and Pearson solicited Flaxel to invest in Pen Write Systems, Inc. ("Pen Write") Defendants made false statements to Flaxel to induce him to make a bridge loan to Pen Write. Pearson, acting on behalf of and as the agent of Defendants, represented to Flaxel that they had investigated Pen Write and that it was a well managed company that was expanding rapidly. Based upon these representations Flaxel loaned $200,000 to Pen Write. The loans were $100,000.00 plus interest, $50,000.00 plus interest and $50,000.00 plus interest. The loans were

1   converted to shares.  Flaxel was issued 426,409 shares of Pen Write stock. There is no market for

2   the shares and they are worthless.

3       23.  The stock certificates are signed by Richard D. Pierini and Shirlee Pierini as secretary.

4   Pen Write is listed as a Minnesota Corporation.  Flaxel is informed and believes and thereon alleges

5   that Pen Write is actually a California corporation.

6   **Dentalview, Inc.**

7       24.  Defendants solicited Flaxel to invest in Dentalview, Inc. ("Dentalview") Pearson,

8   acting on behalf of and as the agent of Defendants, made false statements to Flaxel.  Specifically,

9   Pearson represented to Flaxel that Dentalview was a good company based upon Defendants'

10  investigation.    In reliance on Defendants' statements Flaxel converted warrants and purchased

11  4,244 shares of Dentalview common stock for $20,000.00.   There is no market for the shares and

12  they are worthless.

13  **M&A Capital Advisors, LLC**

14      25.  M&A Capital Advisors, LLC ("M&A") is a Nevada Limited Liability Company and a

15  California Limited Liability Company. Flaxel is informed and believes and theron alleges that Pearson

16  and Simpson are managing members of the Nevada LLC and the California LLC.  The Nevada LLC

17  was formed on August 14, 2001 and was in default as of September 1, 2006.  The California LLC was

18  filed on July 13, 2006 and is active.

19      26.  Defendants solicited Flaxel to invest in M&A and made false statements to Flaxel to

20  induce him to make a loan to M&A.  Specifically, Pearson, acting on behalf of and as the agent of

21  Defendants, represented to Flaxel that Defendants wanted the flexibility to invest in attractive ventures

22  and needed funds to do this.  Flaxel's investment would be used to fund short-term loans secured by

23  stock, and in return Flaxel would receive interest payments and stock options and warrants.  Because

24  the loans were short-term and secured by stock Defendants represented that the investments would

25  be very safe.  Based upon these representations Flaxel loaned $1000,000 to M&A.

26      27.  Flaxel made a loan of $100,000.00 to M&A Capital, LLC on March 15, 2002.  Simpson

27  and Pearson are signatories to the Promissory Note.  A true and correct copy of the Promissory Note

28  is hereto as Exhibit "1" and incorporated herein by reference.  The Promissory Note is personally

---

guaranteed by Simpson and Pearson. The Promissory Note was to be paid 3 months from March 15, 2002 and includes 10% interest.

28. Defendants did not make payment on the Promissory Note when due. Simpson and Pearson made numerous oral and written representations from 2004 up through and including 2007 to Flaxel that payment would be forthcoming.. Flaxel relied on the statements of Defendants that he would be paid. True and correct copies of correspondence, e-mail and payment plans sent by Defendants to Flaxel are attached hereto as Exhibit "2" and incorporated herein by reference. Flaxel and Defendants agreed in writing, signed by Defendants, that Defendants owed Flaxel the money he invested in M&A and that the money would be paid to Flaxel with interest. To date, Defendants have not made payments under the Amortization Schedule.

### PAC-West Acquisitions, Inc.

29. PAC-West Acquisitions, Inc., ("PAC-West") is a California Corporation formed on June 31, 1998. It is currently suspended. Flaxel is informed and believes and thereon alleges that Simpson and Pearson are officers, directors and shareholder of PAC-West.

30. Defendants solicited Flaxel to invest in PAC-West. Defendants made false statements to Flaxel to induce him to make a loans to PAC-West. Specifically, Pearson, acting on behalf of and as the agent of Defendants, represented to Flaxel that Defendants wanted the flexibility to invest in attractive ventures and needed funds to do this. Flaxel's investment would be used to fund short-term loans secured by stock, and in return Flaxel would receive interest payments and stock options and warrants. Because the loans were short-term and secured by stock Defendants represented that the investments would be very safe.

31. Based upon these representations Flaxel made two loans to PAC-West. The first loan for $50,000.00 was made on July 2, 1998 and memorialized in a Promissory Note. Payment was to be made 1 year after July 2, 1998 and include 10% interest. There is an attorneys' fee provision. A true and correct copy of the Promissory Note is attached hereto as Exhibit "3" and incorporated the Promissory Note and Amortization Schedule are attached as Exhibit "3."

32. The second loan for $50,000.00 was made on March 31, 1999 and is memorialized by a Promissory Note. A true and correct copy of the Promissory Note is attached hereto as Exhibit "4"

1    and incorporated herein by reference. Payment was to be made 6 months after March 31, 1999 and

2    include 10% interest.

3         33.   Defendants did not make payment on the Promissory Notes when due.  Simpson and

4    Pearson made numerous oral and written representations from 2004 up through and including 2007

5    to Flaxel that payment would be forthcoming.. Flaxel relied on the statements of Defendants that he

6    would be paid. True and correct copies of correspondence, e-mail and agreed upon payment plans sent

7    by Defendants to Flaxel are attached hereto as Exhibit "2" and incorporated herein by reference.

8    Flaxel and Defendants agreed in writing, signed by Defendants, that Defendants owed Flaxel the

9    money he invested in PAC-West and that the money would be paid to Flaxel with interest.  To date,

10   Defendants have not made payments under the Amortization Schedules and payment plans.

11        **Her Personal Feminine Care Products, Inc.**

12        34.   Defendants solicited Flaxel to invest in Her Personal Feminine Care Products, Inc.

13   ("HPFCPI") Defendants made false statements to Flaxel to induce him to make a bridge loan to

14   HPFCPI. Pearson, acting on behalf of and as the agent of Defendants, represented to Flaxel that

15   Flaxel would only be making a short term loan and that the investment was secure as HPFCPI would

16   be merging with another company. Pearson represented that he had investigated the company and that

17   it was a sound company. Based upon these representations Flaxel made a 90 day bridge loan to

18   HPFCPI for the amount of $100,000.00 and 10% interest.  In addition he received 200,000 stock

19   warrants at .01 per warrant. Flaxel was to receive the right to principal and interest directly out of the

20   proceeds from a Reg D Private Placement Offering for HPFCPI. The promised merger did not take

21   place and the stock is worthless.

22        **Par Valu, Inc.**

23        35. Defendants solicited Flaxel to invest in Par-Valu, Inc. ("Par-Valu") Defendants made false

24   statements to Flaxel to induce him to make a bridge loan to Par-Valu.  Pearson, acting on behalf of

25   and as the agent of Defendants, represented to Flaxel that Par-Valu was a well managed start-up that

26   developed and sold golf clubs.  The bridge loan would be secure because it was short-term loan and

27   the company would have the funds to pay back the loan because it was a well managed company.

28   Flaxel is also informed and believes and thereon alleges that defendants, Simpson and Pearson were

1    involved in the management of Par Valu.

2        36. Based upon these representation Flaxel loaned $50,000.00 ParValu.  Payment was to be

3    made in one lump sum 12 months after execution of the promissory note with the accrual of interest

4    at 10% per annum.  Flaxel loaned an additional $50,000.00 to ParValu.  This Note was to be paid in

5    a lump sum 6 months after execution of the Note and accrue at the rate of 10% per annum.

6                                        **FIRST CLAIM**

7    **Federal Securities Violations Against defendants Richard Simpson; Dennis Pearson; M&A**

8    **Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors,**

9    **LLC, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California**

10   **Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial**

11   **Group, a Nevada and California Corporation(referred to collectively as "Defendants")**

12       37.    Plaintiff for a First Claim against defendants Richard Simpson; Dennis Pearson; M&A

13   Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada

14   Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network

15   Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California

16   Corporation (referred to collectively as "Defendants") alleges that:

17       38. Plaintiff incorporates by reference Paragraphs 1-36      hereinabove as though the same

18   were set forth in full herein.

19                          **Count One - Northatlantic Aviation, Inc.**

20       39.    By knowingly or recklessly misrepresenting the fraudulent nature of the Northatlantic

21   investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs

22   as set forth in Paragraph 18, Defendants directly and indirectly, by the use of the means and

23   instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of

24   securities:

25            a) Have employed devices, schemes, or artifices to defraud;

26            b) Have made untrue statements of material fact, or have omitted, are omitting and are

27            about to omit to state material facts necessary in order to make the statements made,

28            in light of the circumstances with which they were made, not misleading; and

---

COMPLAINT FOR SECURITIES FRAUD            - 9 -

1    c) Have engaged in transactions, acts, practices and courses of business which operated

2    as a fraud upon purchasers of securities.

3    40. By reason of the    foregoing, Defendants have violated Section 10(b) of the Exchange

4    Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

5    41.    As a result of Defendants' violation of Section 10(b) of the Exchange Act and rule 10b-

6    5, Plaintiff has been damaged in the sum in excess of $55,000.00.

7                    **Count Two - RPM Technologies, Inc.**

8    42. By    knowingly or recklessly misrepresenti ng the fraudulent nature of the RPM

9    investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs

10   as set forth in Paragraphs 19-21, Defendants directly and indirectly, by the use of the means and

11   instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of

12   securities:

13            a) Have employed devices, schemes, or artifices to defraud;

14            b) Have made untrue statements of material fact, or have omitted, are omitting and are

15            about to omit to state material facts necessary in order to make the statements made,

16            in light of the circumstances with which they were made, not misleading; and

17            c) Have engaged in transactions, acts, practices and courses of business which operated

18            as a fraud upon purchasers of securities.

19   43. By    reason of the foregoing, Defendants have violated Section 10(b) of the Exchange

20   Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

21   44. As    a result of Defendants' violation of Section 10(b) of the Exchange Act and Rule

22   10b-5, Plaintiff has been damaged in the sum in excess of $250,000.00.

23                   **Count Three- Pen Write Systems, Inc.**

24   45. By    knowingly or recklessly misrepresenting the fraudulent nature of the Pen Write

25   investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs

26   as set forth in Paragraphs 22 and 23, Defendants directly and indirectly, by the use of the means and

27   instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of

28   securities:

1   a) Have employed devices, schemes, or artifices to defraud;

2   b) Have made untrue statements of material fact, or have omitted, are omitting and are

3   about to omit to state material facts necessary in order to make the statements made,

4   in light of the circumstances with which they were made, not misleading; and

5   c) Have engaged in transactions, acts, practices and courses of business which operated

6   as a fraud upon purchasers of securities.

7   46. By    reason of the foregoing, Defendants have violated Section 10(b) of the Exchange

8   Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

9   47. As    a result of Defendants' violation of Section 10(b) of the Exchange Act and Rule

10  10b-5, Plaintiff has been damaged in the sum in excess of $200,000.00.

11  **Count Three - Dental View, Inc.**

12  48.    By knowingly or recklessly misrepresenting the fraudulent nature of the Dental View

13  investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs

14  as set forth in Paragraph 24, Defendants directly and indirectly, by the use of the means and

15  instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of

16  securities:

17  a) Have employed devices, schemes, or artifices to defraud;

18  b) Have made untrue statements of material fact, or have omitted, are omitting and are

19  about to omit to state material facts necessary in order to make the statements made,

20  in light of the circumstances with which they were made, not misleading; and

21  c) Have engaged in transactions, acts, practices and courses of business which operated

22  as a fraud upon purchasers of securities.

23  49. By    reason of the foregoing, Defendants have violated Section 10(b) of the Exchange

24  Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

25  50. As    a result of Defendants' violation of Section 10(b) of the Exchange Act and Rule

26  10b-5, Plaintiff has been damaged in the sum in excess of $20,000.00.

27  **Count Four - M & A Advisors, LLC**

28  51. By    knowingly or recklessly misrepresenting the fraudulent nature of the M & A

investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs as set forth in Paragraphs 25-28, Defendants directly and indirectly, by the use of the means and instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of securities:

a) Have employed devices, schemes, or artifices to defraud;

b) Have made untrue statements of material fact, or have omitted, are omitting and are about to omit to state material facts necessary in order to make the statements made, in light of the circumstances with which they were made, not misleading; and

c) Have engaged in transactions, acts, practices and courses of business which operated as a fraud upon purchasers of securities.

52. By reason of the foregoing, Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

53. As a result of Defendants' violation of Section 10(b) of the Exchange Act and Rule 10b-5, Plaintiff has been damaged in the sum in excess of $100,000.00.

### Count Five - PAC West Acquisitions, Inc.

54. By knowingly or recklessly misrepresenting the fraudulent nature of the PAC-West investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs as set forth in Paragraphs 29-33, Defendants directly and indirectly, by the use of the means and instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of securities:

a) Have employed devices, schemes, or artifices to defraud;

b) Have made untrue statements of material fact, or have omitted, are omitting and are about to omit to state material facts necessary in order to make the statements made, in light of the circumstances with which they were made, not misleading; and

c) Have engaged in transactions, acts, practices and courses of business which operated as a fraud upon purchasers of securities.

55. By reason of the foregoing, Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

56. As a result of Defendants' violation of Section 10(b) of the Exchange Act and Rule 10b-5, Plaintiff has been damaged in the sum in excess of $100,000.00.

### Count Six- Her Personal Feminine Care Products, Inc.

57. B y knowingly or recklessly misrepresenting the fraudulent nature of the HPFCPI investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs as set forth in Paragraph 34, Defendants directly and indirectly, by the use of the means and instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of securities:

 a) Have employed devices, schemes, or artifices to defraud;

 b) Have made untrue statements of material fact, or have omitted, are omitting and are about to omit to state material facts necessary in order to make the statements made, in light of the circumstances with which they were made, not misleading; and

 c) Have engaged in transactions, acts, practices and courses of business which operated as a fraud upon purchasers of securities.

58. By reason of the foregoing, Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

59. As a result of Defendants' violation of Section 10(b) of the Exchange Act and Rule 10b-5, Plaintiff has been damaged in the sum in excess of $100,000.00.

### Count Seven - Par Valu, Inc.

60. By knowingly or recklessly misrepresenting the fraudulent nature of the Par Valu investment, and by otherwise making material misrepresentations, directly and indirectly, to Plaintiffs as set forth in Paragraphs 35 and 36, Defendants directly and indirectly, by the use of the means and instrumentalities of interstate commerce, or of the mail, in connection with the purchase or sales of securities:

 a) Have employed devices, schemes, or artifices to defraud;

 b) Have made untrue statements of material fact, or have omitted, are omitting and are about to omit to state material facts necessary in order to make the statements made, in light of the circumstances with which they were made, not misleading; and

c) Have engaged in transactions, acts, practices and courses of business which operated as a fraud upon purchasers of securities.

61. By reason of the     foregoing, Defendants have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

62. A     s a result of Defendants' violation of Section 10(b) of the Exchange Act and Rule 10b-5, Plaintiff has been damaged in the sum in excess of $100,000.00.

### SECOND CLAIM

**Breach of Contract Against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, LLC, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants")**

63. Plaintiff     for a Second Claim against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants") alleges that:

64. Plaintiff incorporates by reference Paragraphs 1-36 hereinabove as     though the same were set forth in full herein.

65. P     laintiff and Defendants entered into written Promissory Notes as set forth in Paragraphs 25-33 of this Complaint.

66.     Plaintiff has fully performed all conditions, covenants and promises required of them, except those which have been prevented or excused by the actions and conduct of Defendants.

67. Defendants     breached the contract by misrepresenting the financial condition, assets, and risk involved in these investments and that the money invested would be for Defendants' personal use as set forth in Paragraphs 25-33 of this Complaint. Therefore, there was a failure of consideration. Defendants further breached the contracts by failing to pay the principal and interest due under the Promissory Notes as required by the Promissory Notes.   Defendants also breached the contracts by

1  taking the money invested by Plaintiff and causing the money to be paid to themselves individually.

2      68.    As a result of Defendants' breaches of the contracts, Plaintiff has been damaged in the

3  sum in excess of $200,000.00.

4                              **THIRD CLAIM**

5  **Breach of Fiduciary Duty Against defendants Richard Simpson; Dennis Pearson; M&A**

6  **Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors,**

7  **LLC, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California**

8  **Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial**

9  **Group, a Nevada and California Corporation (referred to collectively as "Defendants")**

10     69.    Plaintiff for a Third Claim against defendants Richard Simpson; Dennis Pearson; M&A

11  Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada

12  Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network

13  Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California

14  Corporation (referred to collectively as "Defendants") alleges that:

15     70.  Plaintiff incorporates      by reference Paragraphs 1-36 hereinabove as though the same

16  were set forth in full herein.

17     71. Defendants      acted as Plaintiff's securities broker dealer and financial advisor from

18  approximately 1997 to approximately 2006. Defendants cultivated a relationship of trust with Plaintiff

19  and Plaintiff relied upon Defendants' recommendations and opinions.  Defendants owed a fiduciary

20  duty to Plaintiff.

21     72.   Plaintiff and Defendants entered into written Promissory Notes as set forth in Paragraphs

22  18-36 of this Complaint.  Defendants also induced Plaintiff to make bridge loans to companies and

23  then convert the loans to stock and to purchase stock in companies based upon false, misleading and

24  incorrect information as set forth in Paragraphs 18-36 of the Complaint.  Plaintiff relied upon

25  Defendants' representations in making the decision to enter into the above-referenced investments.

26     73.   Defendants breached their fiduciary duty to Plaintiff by misrepresenting the financial

27  condition, assets, and risk involved in these investments as set forth in Paragraphs18-36 of the

28  Complaint and by failing to inform Plaintiff that the money invested in Promissory Notes to M&A and

1  PAC-West would be for Defendants' personal use as set forth in Paragraphs 25-33 of this Complaint.

2  Plaintiff is further informed and believes and thereon alleges that Defendants received "finders fees"

3  from Plaintiff's investments.  These "finders fees" were not disclosed to Plaintiff.

4      74. A    s a result of Defendants' breaches of fiduciary duty, Plaintiff has been damaged in

5  the sum in excess of 1.1 million dollars.

6      75. In    performing the acts herein alleged, Defendants intentionally misrepresented and

7  concealed from Plaintiff material facts, known to Defendants, as set forth in Paragraphs 18 and 36

8  of this Complaint, with the intention on the part of Defendants of depriving Plaintiff of his money,

9  thereby justifying an award of punitive damages against Defendants.

10                              **FOURTH CLAIM**

11  **Fraud Against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC,**

12  **a California Limited Liability Company; M&A Capital Advisors, LLC, a Nevada Limited**

13  **Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network**

14  **Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and**

15  **California Corporation (referred to collectively as "Defendants")**

16      76. Plaintiff    for a Fourth Claim against defendants Richard Simpson; Dennis Pearson;

17  M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a

18  Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-

19  Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and

20  California Corporation (referred to collectively as "Defendants") alleges that:

21      77. Plaintiff incorporates by    reference Paragraphs 1-36 hereinabove as though the same

22  were set forth in full herein.

23      78.    Defendants knowingly made false representations to Plaintiff with the intent to defraud

24  Plaintiff.  The representations made by Defendants, as set forth in Paragraphs 18 and 36 were

25  representations regarding material facts, which were relied upon by Plaintiff in making his decision

26  to invest in Northatlantic, RPM, Pen Write, Dentalview, M&A, PAC-West, HPFCPI and Par Valu and

27  the amount of money which would be invested.  Plaintiff relied on these actual representations as set

28  forth in Paragraphs 18-36 of this Complaint.

79.     As a proximate result of Defendants' fraud and deceit, and the facts herein alleged at Paragraphs 18-36, Plaintiff was damaged in the sum in excess of 1.1 million dollars ($1,100,000.00).

80. In     performing the acts herein alleged, Defendants intentionally misrepresented and concealed from Plaintiff material facts, known to Defendants, as set forth in Paragraphs 18-36 of this Complaint, with the intention on the part of Defendants of depriving Plaintiff of his money, thereby justifying an award of punitive damages against Defendants.

## FIFTH CLAIM

### Negligent Misrepresentation Against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, LLC, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants")

81.     Plaintiff for a Fifth Claim against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants") alleges that:

82.  Plaintiff incorporates by reference Paragraphs 1-36 hereinabove as     though the same were set forth in full herein.

83. Defendants     made false representations to Plaintiff without a reasonable belief or investigation into the accuracy of representations, knowing that Plaintiff would rely on these presentations.  The representations made by Defendants, as set forth in Paragraphs 18-36 were representations regarding material facts, which were relied upon by Plaintiff in making his decision to invest in Northatlantic, RPM, Pen Write, Dentalview, M&A, PAC-West, HPFCPI and Par Valu and the amount of money which would be invested.  Plaintiff relied on these actual representations as set forth in Paragraphs 18-36 of this Complaint.

84.     Defendants, in making the representations set forth in Paragraphs 18-36 did so without a reasonable belief in the accuracy and truthfulness of those statements.  Plaintiff reasonably relied

1  upon those statements and as a result have been damaged in the sum in excess of 1.1 million dollars

2  ($1,100,000.00).

3  ## SIXTH CLAIM

4  **Alter Ego Against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors,**

5  **LLC, a California Limited Liability Company; M&A Capital Advisors, LLC, a Nevada**

6  **Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-**

7  **Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada**

8  **and California Corporation (referred to collectively as "Defendants")**

9  85.    Plaintiff for a Sixth Claim against defendants Richard Simpson; Dennis Pearson; M&A

10  Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada

11  Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network

12  Securities, Inc., an unknown business entity; and XO Financial Group, a California and Nevada

13  Corporation (referred to collectively as "Defendants") alleges that:

14  86.    Plaintiff incorporates by reference Paragraphs 1-36 hereinabove as though the same

15  were set forth in full herein.

16  87. There exists, and at all times herein mentioned there existed, a unity of interest

17  and ownership between defendants Simpson and Pearson and defendants M&A, PAC-West, Intra-

18  Network and XO Financial Group, such that any individuality and separateness between defendants

19  Simpson and Pearson , on the one hand, and M&A, PAC-West,   Intra-Network and XO Financial

20  Group have ceased. M&A, PAC-West, Intra-Network and XO Financial Group are each the alter ego

21  of defendants Simpson and Pearson in that Simpson and Pearson have failed to maintain M&A, PAC-

22  West, Intra-Network and XO Financial Group as separate entities distinct and separate from

23  themselves.  Specifically, Plaintiff is informed and believes and therein alleges that Simpson and

24  Pearson, on the one hand, and M&A, PAC-West,  Intra-Network and XO Financial Group, on the

25  other hand commingled funds and other assets.  This included Simpson and Pearson doing business

26  as Intra-Network and designating it as a corporation when no such corporation exists.  Plaintiff is

27  informed and believes and thereon alleges that Simpson and Pearson formed, managed and controlled

28  M&A and PAC-West as companies to which it would induce its investor clients to loan money for the

1   purported purpose of allowing Defendants to quickly invest in attractive companies, but in actuality

2   the money was not used for the stated purposes but instead was transfered to Simpson and Pearson

3   for their personal benefit.  After action by the NASD, Simpson and Pearson formed XO Financial

4   Group and incorporated in Nevada and California.  Simpson and Pearson continued offering

5   investments services under the new business name XO Financial Group.  These entities did not

6   maintain their own separate office or business location and its principal place of business was the

7   business address for Simpson and Pearson

8          88.    Plaintiff is informed and believes and therein alleges that M&A, PAC-West,  Intra-

9   Network and XO Financial Group were undercapitalized.  The only asset they ever had was money

10  invested by Simpson and Pearson's defrauded clients which was then transferred to themselves, thereby

11  draining M&A, PAC-West,  Intra-Network and XO Financial Group's capital for Simpson and

12  Pearson's personal gain.

13         89.    Adherence to the fiction of the separate existence of M&A, PAC-West, Intra-Network

14  and XO Financial Group as entirely distinct from defendants Pearson and Simpson would permit an

15  abuse of the corporate privilege and would promote injustice in that Pearson and Simpson formed

16  M&A, PAC-West, Intra-Network and XO Financial Group  for the apparent purpose of shielding

17  themselves from personal liability while treating the assets and capital of M&A, PAC-West, Intra-

18  Network and XO Financial Group  as their own personal assets.

## SEVENTH CLAIM

**Conversion Against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors,**

**LLC, a California Limited Liability Company; M&A Capital Advisors, LLC, a Nevada**

**Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-**

**Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada**

**and California Corporation(referred to collectively as "Defendants")**

25         90.    Plaintiff's Seventh Claim against defendants Richard Simpson; Dennis Pearson; M&A

26  Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada

27  Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network

28  Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California

Corporation (referred to collectively as "Defendants") alleges that:

91.     Plaintiff incorporate's by reference Paragraphs 1-36 hereinabove as though the same were set forth in full herein.

92.     Under the terms of the Promissory Notes whereby Plaintiff loaned money to M&A and PAC-West, Defendants were to use the money loaned by Plaintiff to quickly invest in attractive companies.

93.     Defendants took money loaned by Plaintiff to M&A and PAC-West for their own use.

94.     As a result of Defendants' conversion of Plaintiff's money, Plaintiff has been deprived of his property and has been denied the use of the money all to Plaintiff's damage in a sum to be proven at trial.

95.     The aforementioned acts of Defendants were willful, wanton, malicious and oppressive and were taken with the intent to defraud Plaintiffs, justifying the award of exemplary and punitive damages.

## EIGHTH CLAIM

**Plaintiff FLAXEL Alleges Violation of Oregon Rev. Statute § 59.135 Against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, LLC, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants")**

96. Plaintiff     FLAXEL for an Eighth Claim against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants") alleges that:

97.     Plaintiff FLAXEL incorporates by reference Paragraphs 1-36 hereinabove as though the same were set forth in full herein.

///

1    98. By      knowingly or recklessly misrepresenting the fraudulent nature of the investments

2    referenced in Paragraphs 18-36, and by otherwise making material misrepresentations, directly and

3    indirectly, to Plaintiff, Defendants directly and indirectly, by the use of the means and instrumentalities

4    of interstate commerce, or of the mail, in connection with the purchase or sales of securities:

5                a) Have employed devices, schemes, or artifices to defraud;

6                b) Have made untrue statements of material fact, or have omitted, are omitting and are

7                about to omit to state material facts necessary in order to make the statements made,

8                in light of the circumstances under which they were made, not misleading; and

9                c) Have engaged in transactions, acts, practices and courses of business which operated

10               as a fraud upon purchasers of securities.

11   99. By reason of the foregoing, Defendants have violated      Oregon Rev. Statute § 59.135.

12       100.      As a result of Defendants' violation of Oregon Rev. Statute § 59.135, Plaintiff has been

13   damaged in a sum in excess of $600,000.

14                              **NINTH CLAIM**

15   **Injunctive Relief Against defendants Richard Simpson; Dennis Pearson; M&A Capital**

16   **Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, LLC, a**

17   **Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation;**

18   **Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a**

19   **Nevada and California Corporation(referred to collectively as "Defendants")**

20       101.      Plaintiff for a Ninth Claim against defendants Richard Simpson; Dennis Pearson; M&A

21   Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada

22   Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network

23   Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California

24   Corporation (referred to collectively as "Defendants") alleges that:

25       102.      Plaintiff incorporates by reference Paragraphs 1-36 hereinabove as though the same

26   were set forth in full herein.

27   ///

28   ///

103. Beginning on or about 1998 and continuing to the present time, Defendants, and each of them, wrongfully and unlawfully transferred money invested by Plaintiff for their own personal use.

104. The money transferred by Defendants rightfully belongs to Plaintiff.

105. Plaintiff requests an injunction preventing Defendants, and each of them, from transferring, making payments or in any way taking possession of assets of M&A and PAC-West. without approval from this Court. Plaintiff also requests that all funds improperly transferred by Defendants be frozen and these assets returned to a Receiver.

106. Plaintiff has no adequate remedy at law for the injuries they are currently suffering in that Defendants have liquidated the corporations and limited liability companies and these funds form the only basis for Plaintiff to recover the money invested in Defendants' fraudulent schemes.

107. Plaintiff has incurred damages in excess of $1.2million and will be further damaged as long as Defendants are allowed to maintain custody of these funds and take steps to further transfer and hide this money.

## NINTH CLAIM

### Negligence Against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, LLC, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants")

108. Plaintiff for a Tenth Claim against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity; and XO Financial Group, a Nevada and California Corporation (referred to collectively as "Defendants") alleges that:

109. Plaintiff incorporates by reference Paragraphs 1-36 hereinabove as though the same were set forth in full herein.

///

110. ' Defendants owed Flaxel a duty of care by virtue of being Flaxel's financial advisor. Defendants breached their duty to Flaxel by failing to manage Flaxel's IRA account. As part of the transactions set forth in paragraph 18-36, Flaxel purchased stock, received stock options and/or exercised stock warrants in various companies. Defendants failed to accurately document these transactions and obtain the appropriate documentation, including stock certificates. Defendants also failed to maintain an accurate account of Flaxel's account activity.

111. As a result of Defendants' failure to maintain accurate account records and ensure that Flaxel obtained the required documentation, Flaxel does not have a true account of his transactions nor does Flaxel have stock certificates which accurately reflect his ownership in the corporations set forth in paragraph 18-36.

112. As a proximate result of Defendants negligence, Flaxel has been damaged in a sum in excess of $500,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgement against Defendants, and each of them as follows: ...

1. A preliminary injunction against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity and XO Financial Group, a Nevada and California Corporation from further violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

2. A permanent injunction against defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity, XO Financial Group, a Nevada and California Corporation and their agents, servants, employees, attorneys, and all persons in active contact or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

3.      An order requiring a full and accurate accounting and interim asset freeze of all assets of defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity and XO Financial Group, a Nevada and California Corporation until a full and accurate accounting can be made of all investor monies raised and fraudulent schemes alleged in this Complaint and a determination made as to the disposition of those assets.

4.      On an interim basis that a Receiver be appointed to take possession and control of the assets of defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity and XO Financial Group, a Nevada and California Corporation to marshal and control their assets for the benefits of the defrauded investors.

5.      An order that each Defendant be restrained and enjoined from destroying, removing, mutilating, altering, concealing or disposing of, in any manner, any of their books, records and documents relating to the matter set forth in the Complaint, or the books and records and such documents of any entities under their control, until further order of the Court; an order allowing that parties may commence discovery immediately, and that notice periods be shortened to permit the parties to require production of documents within ten (10) calendar days written notice by facsimile or personal service.

6.      An order requiring defendants Richard Simpson; Dennis Pearson; M&A Capital Advisors, LLC, a California Limited Liability Company; M&A Capital Advisors, a Nevada Limited Liability Company; PAC-West Acquisitions, Inc., a California Corporation; Intra-Network Securities, Inc., an unknown business entity, XO Financial Group, a Nevada and California Corporation  to repatriate and to return to identified accounts in the United States of America all monies and liquid assets held outside this Court's jurisdiction.

///

///

7.    Disgorgement of all illicit profits and benefits, plus pre-judgment interest, realized by each Defendant, and all investor monies obtained by each Defendant, plus pre-judgment interest as a result of participation in, or attributable to, the fraudulent schemes alleged in this Complaint.

8.    A civil monetary penalty against each Defendant as provided by statute and determined by the Court to be just and proper.

9.    For rescission of the Promissory Notes and an order that Defendants return to Plaintiff money invested by Plaintiff as set forth in the Complaint.

10. For monetary damages in excess of 1.2 million dollars, according to proof at trial;

11.    As to the Third, Fourth and Seventh Claims, for punitive damages to be determined at trial.

12. As to the Eighth Claim for attorneys' fees and costs as allowed by statute.

13. As to the Ninth Claim for injunctive relief;

14. Such other and further relief as Plaintiff is entitled as determined by this Court.


DATED: February 1, 2008                McCULLOGH & ASSOCIATES, APC.



                                       By
                                          Patrick McCullogh
                                          Susan K. Chelsea
                                          Attorneys for Plaintiff, John Flaxel

EXHIBIT 1

## PROMISSORY NOTE

$100,000.00              San Diego, California              March 15, 2002

Three months from date, for value received, M &A Capital, LLC. Promises to pay to John Flaxel, or order, at San Diego, California, the sum of One Hundred Thousand Dollars and 00 / 100 Cents ($100,000.00) with interest from date until paid, at the rate of ten percent (10%), per annum.

Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. In the event of a dispute arising out of this Promissory Note, or the payment thereof, the losing party shall pay to the prevailing party the reasonable attorneys fees, cost, and expenses, incurred therein. The Promissory Note will be personally guaranteed by the officers of M & A Capital, LLC. In addition to the terms of the promissory note, John Flaxel will also have the Option to receive four installments of re-payment of principal beginning after the first 30 days of the execution of the note.

Dated: _____03/15/02_____

M & A Capital, LLC

_____
John Flaxel

_____
Richard W. Simpson

_____
Dennis A. Pearson, Jr.

orma

**From:**      "Richard Simpson" <rsimpson@intranetsec.com>
**To:**        <norma@bayeyeclinic.com>
**Sent:**      Monday, February 02, 2004 2:29 PM
**Attach:**    JFlaxelPymntInfo.xls
**Subject:**   FW: John Flaxels Info & confidential

Flaxel:

agree to the above payment schedule.


chard

_RTC to Richard 2.3.04_

. _NEED TO ACCOUNT FOR_
_ACCRUED UNPAID INTEREST. Reply —_
_He will ask his secy/bond person_
_TO RECALCULATE_

2/3/2004

## Payment Schedule For John Flaxel

ACCRUED INTEREST

| Pymt Date | Balance Owing | Rate | Investment X Rate | Calen Days | Daily Interest | # Days that Month | Total Interest Per Month/Month | Payment Amount Per Month | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 29-Feb | $100,000.00 | 0.1 | $ 10,000.00 | 365 | $ 27.40 | 25 | $ 684.93 | $ 10,000.00 | $ 90,684.93 |
| 30-Mar | $90,684.93 | 0.1 | $ 9,068.49 | 365 | $ 24.85 | 29 | $ 720.51 | $ 10,000.00 | $ 81,405.44 |
| 30-Apr | $81,405.44 | 0.1 | $ 8,140.54 | 365 | $ 22.30 | 31 | $ 691.39 | $ 10,000.00 | $ 72,096.83 |
| 30-May | $72,096.83 | 0.1 | $ 7,209.68 | 365 | $ 19.75 | 30 | $ 592.58 | $ 10,000.00 | $ 62,689.41 |
| 30-Jun | $62,689.41 | 0.1 | $ 6,268.94 | 365 | $ 17.18 | 31 | $ 532.43 | $ 10,000.00 | $ 53,221.84 |
| 30-Jul | $53,221.84 | 0.1 | $ 5,322.18 | 365 | $ 14.58 | 30 | $ 437.44 | $ 10,000.00 | $ 43,659.28 |
| 30-Aug | $43,659.28 | 0.1 | $ 4,365.93 | 365 | $ 11.96 | 31 | $ 370.80 | $ 10,000.00 | $ 34,030.08 |
| 30-Sep | $34,060.08 | 0.1 | $ 3,406.01 | 365 | $ 9.33 | 30 | $ 279.95 | $ 10,000.00 | $ 24,340.03 |
| 30-Oct | $24,340.03 | 0.1 | $ 2,434.00 | 365 | $ 6.67 | 31 | $ 206.72 | $ 10,000.00 | $ 14,546.75 |
| 30-Nov | $14,549.79 | 0.1 | $ 1,454.98 | 365 | $ 3.99 | 30 | $ 119.59 | $ 10,000.00 | $ 4,669.38 |
| 30-Dec | $4,669.38 | 0.1 | $ 466.94 | 365 | $ 1.28 | 31 | $ 39.66 | $ 4,711.00 | $ (1.96) |

**Norma**

| | |
|---|---|
| **From:** | "Richard Simpson" <rsimpson@intranetsec.com> |
| **To:** | <norma@bayeyeclinic.com> |
| **Sent:** | Tuesday, January 13, 2004 3:04 PM |
| **Subject:** | 4:00 P.M. Meeting |

Dear John:

had a 4:00 P.M. meeting to discuss payment arrangements on your note. I should be back in the office by
:30 or & 7:30 P.M. I will give you a call
hen.

Richard

JAN-22-2005 11:55 From:                                      To:15417565783          P.1/1



## INTRA-NETWORK SECURITIES, INC.
### Member NASD SIPC

January 22, 2005

Dr. John Flaxel
67676 East Bay Road
North Bend OR, 97459

RE: Note & Accrued Interest Calculations

Dear John:

Per our conversation I have calculated the accrued interest on the promissory note. They are as follows:

Principal:                                   $100,000.00
March 15, 2002

Accrued Interest:                            $27,992.58

Daily Rate:                                  $27.39

We will structure some sort of payment plan that will be acceptable by you. Thank you for all of your support in help financing are projects.

Sincerely,

Richard W. Simpson

P.O. Box 676087 Rancho Santa Fe CA. 92067-6087 Tel. (858) 759-3999 Fax (858) 759-3990 Toll (888) 834-8809
www.intranetsec.com

SEP-08-2005 10:06 From:                                    To:15412470490              P.1/3



# FINANCIAL GROUP

REGISTERED INVESTMENT ADVISORS

# Fax

| To: | John Flaxel, MD | From: | Richard Simpson |
|---|---|---|---|
| Fax: | (541) 247-0490 | Pages: | (including cover page) |
| Phone: | (541) 247-7212 | Date: | September 8, 2005 |
| Re: | Proposal | | |

☐ Urgent  ☑ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

● Comments

Dear John;

Please contact our office at (858) 759-3999 if you have any questions or concerns.

Thank you,

Richard Simpson

IF ANY PART OF THIS TRANSMISSION IS RECEIVED IN POOR CONDITION OR MISSING PAGES PLEASE CONTACT
OUR OFFICE AT (858) 759-3999 FOR RE-TRANSMISSION.  Additional information is available upon request.

The information contained herein is based on sources, which we believe to be reliable but we do not represent that it is accurate or complete.  It is not to be
considered as an offer to sell or solicitation of an offer to buy the securities discussed herein.  All prices, yields and opinions expressed are subject to change without
notice.  In addition, Intra-Network Securities, Inc. may currently be providing banking services to the issuers of securities mentioned herein

P.O Box 676087 Rancho Santa Fe, CA 92067-6087 Tel: (858) 759-3999 Fax: (858) 759-3990

EP-28-2005 10:06 From:



**FINANCIAL GROUP**
REGISTERED INVESTMENT ADVISORS

September 8, 2005

Dr. John Flaxel
67676 East Bay Road
North Bend OR, 97459

RE: Promissory Note, Accrued Interest Calculations & Implant Solutions Proposal

Per our conversation I have calculated the accrued interest on the promissory note.
they are as follows:

| | |
|---|---|
| Principal: March 15, 2002 | $100,000.00 |
| Accrued Interest: | $34,648.35 |
| Daily Rate: | $27.39 |

Please see attached proposal and term sheet. Thank you for your continued support in
helping us finance our projects.

JAN-22-2005 11:55 From:                                    To:15417565783        P.1/1



## INTRA-NETWORK SECURITIES, INC.
### Member NASD SIPC

January 22, 2005

Dr. John Flaxel
67676 East Bay Road
North Bend OR, 97459

RE: Note & Accrued Interest Calculations

Dear John:

Per our conversation I have calculated the accrued interest on the promissory note. They are as follows:

| | |
|---|---|
| Principal:<br>March 15, 2002 | $100,000.00 |
| Accrued Interest:<br>*THRU DEC 31,04* | $27,992.58 |
| Daily Rate: | $27.39 |

We will structure some sort of payment plan that will be acceptable by you. Thank you for all of your support in help financing are projects.

Sincerely,

Richard W. Simpson

**M & A Capital, LLC Note to John T. Flaxel, Dated Mar 15, 2002**

Compound Period ......... :  Quarterly

Nominal Annual Rate .... :  10.000 %

### CASH FLOW DATA

|   | Event | Date | Amount | Number | Period | End Date |
|---|-------|------|--------|--------|--------|----------|
| 1 | Loan | 03/15/2002 | 100,000.00 | 1 | | |
| 2 | Payment | 03/15/2007 | 163,861.64 | 1 | | |

### AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| Loan   03/15/2002 | | | | 100,000.00 |
| 1st Q Totals | 0.00 | 0.00 | 0.00 | |
| 2002 Totals | 0.00 | 0.00 | 0.00 | |
| 1   03/15/2007 | 163,861.64 | 63,861.64 | 100,000.00 | 0.00 |
| 1st Q Totals | 163,861.64 | 63,861.64 | 100,000.00 | |
| 2007 Totals | 163,861.64 | 63,861.64 | 100,000.00 | |
| Grand Totals | 163,861.64 | 63,861.64 | 100,000.00 | |

## Flaxel Pac-West Acquisitions note

**Compound Period ......... :  Semiannual**

**Nominal Annual Rate .... :  10.000 %**

### CASH FLOW DATA

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 03/31/1999 | 50,000.00 | 1 | | |
| 2 | Payment | 03/15/2007 | 108,730.79 | 1 | | |

### AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| Loan   03/31/1999 | | | | 50,000.00 |
| 1999 Totals | 0.00 | 0.00 | 0.00 | |
| 1   03/15/2007 | 108,730.79 | 58,730.79 | 50,000.00 | 0.00 |
| 2007 Totals | 108,730.79 | 58,730.79 | 50,000.00 | |
| Grand Totals | 108,730.79 | 58,730.79 | 50,000.00 | |

## Flaxel Pac-West Acquisition, Note Dated July 2, 1998

**Compound Period .........  :  Annual**

**Nominal Annual Rate ....  :  10.000 %**

**CASH FLOW DATA**

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 07/02/1998 | 50,000.00 | 1 | | |
| 2 | Payment | 03/15/2007 | 114,696.68 | 1 | | |

**AMORTIZATION SCHEDULE - Normal Amortization**

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 07/02/1998 | | | | 50,000.00 |
| 1998 Totals | | 0.00 | 0.00 | 0.00 | |
| 1 | 03/15/2007 | 114,696.68 | 64,696.68 | 50,000.00 | 0.00 |
| 2007 Totals | | 114,696.68 | 64,696.68 | 50,000.00 | |
| **Grand Totals** | | **114,696.68** | **64,696.68** | **50,000.00** | |

EXHIBIT 3

# PROMISSORY NOTE

$50,000.00                San Diego, California                July 2, 1998

One year after date, for value received, PAC-WEST ACQUISITIONS, INC. promises to pay to JOHN FLAXEL, or order, at San Diego, California, the sum of Fifty Thousand Dollars and 00/100 Cents ($50,000.00) with interest from date until paid, at the rate of ten percent (10%), per annum.

Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. In the event of a dispute arising out of this Promissory Note, or the payment thereof, the losing party shall pay to the prevailing party the reasonable attorneys fees, costs, and expenses, incurred therein. This Promissory Note is unsecured.

Dated: ___7-2-98___                PAC-WEST ACQUISITIONS, INC.


_____
Richard Simpson, Secretary

EXHIBIT 4

## PROMISSORY NOTE

$50,000.00                  San Diego, California              March 31, 1999

     6 Months after date, for value received, PAC-WEST ACQUISITIONS, INC. promises to pay to John Flaxel, or order, at San Diego, California, the sum of Fifty Thousand Dollars and 00 / 100 Cents ($50,000.00) with interest from date until paid, at the rate of ten percent (10%), per annum.

     Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law.  In the event of a dispute arising out of this Promissory Note, or the payment thereof, the losing party shall pay to the prevailing party the reasonable attorneys fees, cost, and expenses, incurred therein.  This Promissory Note is unsecured.

Dated:  _____3/31/99_____                    PAC-WEST ACQUISITIONS, INC.


_____                    _____
John Flaxel                                  Richard W. Simpson, Secretary


DR JOHN T FLAXEL
JOY CARMAN FLAXEL
98 EAST BAY DR
NORTH BEND, OR  97459-9401

SELECT
Client                    1002
                          62-15/311
Date 4/14/99

Pay to the
Order of  PAC-WEST ACQUISITIONS, INC.   $ 50,000

only fifty thousand                        Dollars

642   SALOMON SMITH BARNEY
      FINANCIAL MANAGEMENT ACCOUNT
      PNC National Bank
      Wilmington, DE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147160    — SR
* * C O P Y * *
February 01. 2008
15:12:01**

**Civ Fil Non-Pris**
USAO #.: 08CV0200 CIV. FIL.
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC#2378

**Total-> $350.00**

FROM: FLAXEL V. SIMPSON, ET AL
      CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Flaxel, John

**(b)** County of Residence of First Listed Plaintiff    Coos County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
McCulloh & Associates, APC; 4275 Executive Sq., Ste. 940, La Jolla, CA 92037 (858)457-2900

## DEFENDANTS

Simpson, Richard; Pearson, Dennis; et. al

County of Residence of First Listed Defendant    San Diego County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)    '08 CV 0200 L NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 78.j(b) and 17 CFR 240.10b-5. 28USC 1332

Brief description of cause:
Securities Fraud and breach of contract.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
02/01/2008

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

---

**FOR OFFICE USE ONLY**

RECEIPT # 14716    AMOUNT 350.    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

2/1/08